United States District Court
Southern District of Texas
**ENTERED**
May 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LACEY and CHASE HOPPER, INDIVIDUALLY and PERSONAL REPRESENTATIVE OF THE ESTATE OF REVEL HOPPER, | § § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-24-1200 |
| | § | |
| HEROES TECHNOLOGY (US) LLC d/b/a SNUGGLE ME ORGANIC and AUGUST RIVER CO., | § § § § | |
| Defendants, | § | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO ALLEGE FACTS SHOWING SUBJECT MATTER JURISDICTION

On April 2, 2024, Plaintiffs, Lacey and Chase Hopper, initiated this action by filing Plaintiffs' Original Complaint (Docket Entry No. 1), against defendants, Heroes Technology (US) LLC, d/b/a Snuggle Me Organic ("Heroes US"), and August River Co. ("August River") (collectively, "Defendants"), asserting claims for damages under Texas law arising from the death of Revel Hopper in an infant lounger that was allegedly designed, manufactured, and marketed by Defendants. Plaintiffs' Original Complaint asserted that "[f]ederal jurisdiction is . . . under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 as is required pursuant to the statute."[1]

---

[1] Plaintiff's Original Complaint, Docket Entry No. 1, p. 2, ¶ 4. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

On April 8, 2024, the court entered an Order for Conference and Disclosure of Interested Parties, which included the following

> NOTICE TO PLAINTIFFS . . . IN CASES BASED ON DIVERSITY JURISDICTION:
>
> Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction has the burden to demonstrate that there is complete diversity. The citizenship of limited liability entities is determined by the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). When members of limited liability entities are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). If the Complaint . . . filed in this action does not show the citizenship of limited liability entities, the filing plaintiff . . . is ORDERED to file an Amended Complaint . . . within twenty days from the entry of this order. The failure of a plaintiff to file an Amended Complaint . . . alleging facts establishing complete diversity of citizenship in an action filed . . . under 28 U.S.C. § 1332 may result in dismissal . . . of this action by the court on its own initiative without further notice.[2]

On May 9, 2024, the court issued an Order to Amend Plaintiffs' Complaint to Allege Facts Establishing Subject Matter Jurisdiction ("Order to Amend") (Docket Entry No. 8) stating that "Plaintiffs' allegations are not sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332."[3] The Order to Amend explained that

---

[2]Docket Entry No. 2, p. 1 ¶ 3.

[3]Docket Entry No. 8, p. 5.

2

> Plaintiffs' Original Complaint states that "Plaintiffs, Lacey and Chase Hopper, are individuals residing in Harris County, Texas," but fails to identify Plaintiffs' state(s) of citizenship.
>
> Plaintiffs' Original Complaint states that "Defendant, Heroes Technology (US) LLC d/b/a Snuggle Me Organic is a Limited Liability Company," but fails to identify Heroes' members or their states of citizenship. Plaintiffs' Original Complaint states that "Defendant August River Co. is a company doing business in the state of Texas," but fails to state whether August River Co. is an incorporated or an unincorporated entity, and fails to identify August River Co.'s state or states of citizenship.[4]

The Order to Amend also explained in detail the requirements for alleging the citizenship of individuals, corporations, and limited liability entities.[5] Moreover, like the April 8, 2024, Order for Conference and Disclosure of Interested Parties, the Order to Amend warned Plaintiffs that "[s]hould [they] fail to file an amended complaint by May 21, 2024, adequately alleging federal jurisdiction, this action will be dismissed for lack of subject matter jurisdiction."[6]

On May 21, 2024, Plaintiffs filed Plaintiffs' First Amended Complaint (Docket Entry No. 10). Plaintiffs' First Amended Complaint states that "[t]he court has jurisdiction over this case . . . under 28 U.S.C. § 1331."[7] Section 1331 of Title 28 governs

---

[4]Id. (quoting Plaintiffs' Original Complaint, Docket Entry No. 1, ¶¶ 1-3).

[5]Id. at 3-4.

[6]Id. at 5.

[7]Plaintiffs' First Amended Complaint, Docket Entry No. 10, p. 2 ¶ 8.

federal question jurisdiction. In the Factual Background of Plaintiffs' First Amended Complaint, Plaintiffs allege that on or about November 6, 2023, they placed seven month old Revel in a Snuggle Me Baby lounger, that Revel fell asleep in the lounger, and that at some point later Lacey discovered that Revel had rolled out of the lounger and became wedged between pillows and a headboard. Revel was rushed to the hospital where she was pronounced dead on November 7, 2023.[8] Plaintiffs assert claims for negligence, strict products liability, breach of implied warranty, and gross negligence.[9] Neither the facts nor causes of action alleged in Plaintiffs' First Amended Complaint show that Plaintiffs seek to vindicate rights protected by federal law. Moreover, Plaintiffs state that they "bring these claims and request damages pursuant to Chapter 71 of the T.C.P.R. Code, Texas Wrongful Death and Survival Statute, Chapter 82 of the C.P.R.C., Texas UCC § 2-313-315, Chapter 41 of the C.P.R.C., and Texas Common Law."[10] The allegations in Plaintiffs' First Amended Complaint are therefore not sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.

In the Parties section of the First Amended Complaint, Plaintiffs name the two parties sued in Plaintiffs' Original Complaint, <u>i.e.</u>, Heroes US and August River, both of which are

---

[8] <u>Id.</u> at 2-3 ¶¶ 10-14.

[9] <u>Id.</u> at 3-5 ¶¶ 17-32.

[10] <u>Id.</u> at 3 ¶ 15.

4

alleged to be limited liability entities.[11]  Plaintiffs also name three additional parties: Heroes Technology Ltd., alleged to be the parent company of Heroes US and an England and Wales limited liability company; Simply Mommy, LLC, alleged to be a Minnesota-based limited liability company; and Peak 21 Holdings, Inc., alleged to be a Delaware corporation and the parent company of Simply Mommy, LLC.[12]  Although Plaintiffs allege that they are "residents and citizens of the state of Texas,"[13] despite the court's explanation of the requirements for alleging the citizenship of limited liability entities in the April 8, 2024, Order for Conference and Disclosure of Interested Parties (Docket Entry No. 2), and the court's explanation of the requirements for alleging the citizenship of both limited liability entities and corporations in the May 9, 2024, Order to Amend (Docket Entry No. 8), Plaintiffs' First Amended Complaint fails to allege the citizenship of any defendant.[14]

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).  "'The

---

[11] Id. at 1-2 ¶¶ 2-4.

[12] Id. at 2 ¶¶ 5-7.

[13] Id. at 1 ¶ 1.

[14] Id. at 1-2 ¶¶ 2-7.

5

concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" Id.  "The party asserting diversity jurisdiction 'must distinctly and affirmatively allege[]' the citizenship of the parties." Smith v. Toyota Motor Co., 978 F.3d 280, 282 (5th Cir. 2020) (quoting Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001)). Plaintiffs' First Amended Complaint does not allege the citizenship of the defendants and, therefore, does not allege facts showing that all persons on one side of the controversy are citizens of different states than all persons on the other side.  Plaintiffs' First Amended Complaint is therefore not sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.  See Mullins, 564 F.3d at 397-98 (emphasizing the need to "distinctly and affirmatively allege[]" the citizenship of all parties, including the citizenship of all members of limited liability entities foreign and domestic).

Federal courts are courts of limited jurisdiction, and must presume that a suit lies outside this limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. of America, 114 S. Ct. 1673, 1675 (1994). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery, 243 F.3d at 916 (citing Kokkonen, 114 S. Ct. at 1675). As the party asserting federal jurisdiction, Plaintiffs bear the burden to demonstrate federal jurisdiction.  "Jurisdiction cannot be waived, and it is the duty of a federal court first to decide,

6

sua sponte if necessary, whether it has jurisdiction before the merits of the case can be addressed." Filer v. Donley, 690 F.3d 643, 646 (5th Cir. 2012). See also A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011)).

Despite having been ordered to amend their original complaint to allege facts establishing subject matter jurisdiction, and having been warned both by the Order for Conference and Disclosure of Interested Parties entered on April 8, 2024 (Docket Entry No. 2), and the Order to Amend entered on May 9, 2024, that the failure to file an amended complaint that alleges a valid basis for federal jurisdiction may result in the dismissal of this action without further notice, Plaintiffs filed a First Amended Complaint that does not allege facts showing a valid basis for either federal question or diversity jurisdiction. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SIGNED** at Houston, Texas, on this 23rd day of May, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE