IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LACEY and CHASE HOPPER, | § | |
| INDIVIDUALLY and as PERSONAL | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF REVEL HOPPER, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-24-1200 |
| v. | § | CIVIL ACTION NO. H-24-2056 |
| | § | |
| HEROES TECHNOLOGY (US) LLC | § | |
| d/b/a SNUGGLE ME ORGANIC, | § | |
| AUGUST RIVER CO., LLC, | § | |
| HEROS TECHNOLOGY LTD., | § | |
| SIMPLY MOMMY, LLC, and | § | |
| PEAK 21 HOLDINGS, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO FILE AN AMENDED COMPLAINT IN CIVIL ACTION NO. H-24-1200 AND DISMISSING CIVIL ACTION NO. H-24-2056 WITHOUT PREJUDICE**

Plaintiffs, Lacey and Chase Hopper, individually and as personal representatives of the estate of their daughter, Revel Hopper, have initiated two civil actions in this court against defendants, Heroes Technology (US) LLC, d/b/a Snuggle Me Organic ("Heroes US"), August River Co., LLC ("August River"), Heros Technology Ltd. ("Heros Ltd."), Simply Mommy, LLC ("Simply Mommy"), and Peak 21 Holdings, Inc. ("Peak 21"), (collectively, "Defendants"): Civil Action Nos. H-24-1200 and H-24-2056. In both actions Plaintiffs assert claims for damages under Texas law arising from the death of their daughter in an infant lounger allegedly designed, manufactured, and marketed by Defendants. On May 23, 2024, after giving Plaintiffs two warnings that they had failed to adequately allege subject matter jurisdiction and two

opportunities to file an amended complaint, the court dismissed Civil Action No. H-24-1200 for failure to allege facts showing subject matter jurisdiction.[1]  In response, Plaintiffs filed the pending Motion for Leave to File Second Amended Complaint (Docket Entry No. 13 in Civil Action No. H-24-1200), and a proposed Second Amended Complaint (Docket Entry No. 14 in Civil Action No. H-24-1200).  Because Plaintiff's proposed Second Amended Complaint does not cure the defective jurisdictional allegations for which the court dismissed Civil Action No. H-24-1200, the pending motion will be denied.  On May 31, 2024, just over one week after the court dismissed Civil Action No. H-24-1200, Plaintiffs initiated their second action, Civil Action No. H-24-2056.  Because the Original Complaint filed in Plaintiffs' second action is virtually identical to the Second Amended Complaint that Plaintiffs seek to file in Civil Action No. H-24-1200, and because despite having been told repeatedly not only that their jurisdictional allegations were defective, but also how to cure the defective allegations, Plaintiffs have still not alleged facts showing subject matter jurisdiction, Civil Action No. H-24-2056 will be dismissed without prejudice, and Plaintiffs will not be allowed to file any additional papers in either of these two actions.  If Plaintiffs are dissatisfied with the court's rulings, they should file a notice of appeal.

---

[1] See Order of Dismissal Without Prejudice for Failure to Allege Facts Showing Subject Matter Jurisdiction ("Order of Dismissal"), Docket Entry No. 11 in Civil Action H-24-1200; and Final Judgment, Docket Entry No. 12 in Civil Action H-24-1200.

## I. **Plaintiffs' Motion to File a Second Amended Complaint in Civil Action No. H-24-1200 Will Be Denied.**

Shortly after entry of the court's Order of Dismissal and Final Judgment (Docket Entry Nos. 11 and 12 in Civil Action No. H-24-1200), Plaintiffs filed the pending Motion for Leave to File a Second Amended Complaint. Citing Federal Rule of Civil Procedure 15(a)(2), and asserting that allowing them to file the Second Amended Complaint will serve justice and promote judicial efficiency,[2] Plaintiffs argue that "[t]hrough the Second Amended Complaint, Plaintiffs seek to clarify for the court that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Second Amended Complaint is being filed contemporaneously with this motion."[3]

Plaintiffs argue that their proposed Second Amended Complaint "seek[s] to clarify . . . that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a),"[4] but the jurisdictional facts alleged in their proposed Second Amended Complaint are exactly the same as the jurisdictional facts alleged in their First Amended Complaint that the court found inadequate to allege either federal

---

[2]Plaintiffs' Motion for Leave to File Second Amended Complaint, Docket Entry No. 13 in Civil Action H-24-1200, p. 1. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[3]Id. at 1-2.

[4]Id.

question or diversity jurisdiction. The only apparent difference between the two complaints is found in ¶ 8 which in the First Amended Complaint references 28 U.S.C. § 1331,[5] governing federal question jurisdiction, while the proposed Second Amended Complaint references 28 U.S.C. § 1332(a)(1),[6] governing diversity jurisdiction. Otherwise the relevant portions of the First Amended Complaint and the proposed Second Amended Complaint are exactly the same.[7] Neither Plaintiffs' First Amended Complaint nor their proposed Second Amended Complaint alleges the citizenship of any defendant. The facts alleged in both complaints are, therefore, insufficient to show complete diversity of the parties as required to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Moreover, before dismissing Civil Action No. H-24-1200 on May 23, 2024, the court informed Plaintiffs two different times of the need to allege facts establishing subject matter jurisdiction and warned Plaintiffs that the failure to do so could result in dismissal of their action.

The court first informed Plaintiffs of the need to allege facts showing subject matter jurisdiction and warned them that the failure to allege such facts could result in dismissal of their action less than one week after Plaintiffs filed their Original

---

[5]Docket Entry No. 10 in Civil Action H-24-1200, p. 2 ¶ 8.

[6]Docket Entry No. 14 in Civil Action H-24-1200, p. 2 ¶ 8.

[7]Compare pp. 1-2 ¶¶ 1-8 in Docket Entry Nos. 10 and 14 in Civil Action H-24-1200.

4

Complaint on April 2, 2024. On April 8, 2024, the court entered an Order for Conference and Disclosure of Interested Parties, which included the following

> NOTICE TO PLAINTIFFS . . . IN CASES BASED ON DIVERSITY JURISDICTION:
>
> Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction has the burden to demonstrate that there is complete diversity. The citizenship of limited liability entities is determined by the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). When members of limited liability entities are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). If the Complaint . . filed in this action does not show the citizenship of limited liability entities, the filing plaintiff . . . is ORDERED to file an Amended Complaint . . . within twenty days from the entry of this order. The failure of a plaintiff to file an Amended Complaint . . . alleging facts establishing complete diversity of citizenship in an action filed . . . under 28 U.S.C. § 1332 may result in dismissal . . . of this action by the court on its own initiative without further notice.[8]

The court informed Plaintiffs of the need to allege facts showing subject matter jurisdiction and warned them that the failure to do so could result in dismissal of their action a second time on May 9, 2024, by issuing an Order to Amend Plaintiffs' Complaint to Allege Facts Establishing Subject Matter Jurisdiction

---

[8]Docket Entry No. 2 in Civil Action H-24-1200, p. 1 ¶ 3.

("Order to Amend").⁹ The Order to Amend explained in detail how to allege the citizenship of individuals, corporations, and limited liability entities:

> The citizenship of individuals is based on domicile, i.e., where an individual resides and intends to remain. Acridge v. Evangelical Lutheran Good Samaritan Society, 334 F.3d 444, 448 (5th Cir. 2003). "Therefore, an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" MidCap Media Finance[, L.L.C. v. Pathway Data, Inc.], 929 F.3d [310,] 313 [(5th Cir. 2019)] (quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984)(per curiam)). See also Neeley v. Bankers Trust Co. of Texas, 757 F.2d 621, 634 n. 18 (5th Cir. 1985)("An allegation of residency, however, does not satisfy the requirement of an allegation of citizenship.").
>
> Corporations are deemed to be citizens both of the state in which they are incorporated and of the state where they have their principal place of business. 28 U.S.C. § 1332(c). "Allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." Neeley, 757 F.2d at 634 n. 18.
>
> The citizenship of limited liability entities is determined by the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079-80 (5th Cir. 2008) (citing inter alia Carden v. Arkoma Associates, 110 S. Ct. 1015, 1021-22 (1990)(holding that the citizenship of an unincorporated entity or association, such as a partnership, is based upon the citizenship of all of its members)). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). See also Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 768 (5th Cir. 2015) (per curiam) ("[N]o case law has suggested that [the conclusion reached in Harvey] may be disregarded when one

---

⁹Docket Entry No. 8 in Civil Action H-24-1200.

>    of the LLC's members is an artificial entity comprised of additional entities."); MidCap Media Finance, 929 F.3d at 314 ("So, to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'").[10]

Stating that Plaintiffs' allegations were "not sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332,"[11] the court's Order to Amend explained that

> Plaintiffs' Original Complaint states that "Plaintiffs, Lacey and Chase Hopper, are individuals residing in Harris County, Texas," but fails to identify Plaintiffs' state(s) of citizenship.
>
> Plaintiffs' Original Complaint states that "Defendant, Heroes Technology (US) LLC d/b/a Snuggle Me Organic is a Limited Liability Company," but fails to identify Heroes' members or their states of citizenship. Plaintiffs' Original Complaint states that "Defendant August River Co. is a company doing business in the state of Texas," but fails to state whether August River Co. is an incorporated or an unincorporated entity, and fails to identify August River Co.'s state or states of citizenship.[12]

Moreover, like the April 8, 2024, Order for Conference and Disclosure of Interested Parties, the Order to Amend warned Plaintiffs that "[s]hould [they] fail to file an amended complaint by May 21, 2024, adequately alleging federal jurisdiction, this action will be dismissed for lack of subject matter jurisdiction."[13] Plaintiffs responded to the court's Order to Amend on May 21, 2024,

---

[10] Id. at 3-4.

[11] Id. at 5.

[12] Id. (quoting Plaintiffs' Original Complaint, Docket Entry No. 1 in Civil Action H-24-1200, p. 1 ¶¶ 1-3).

[13] Id. at 5.

7

by filing Plaintiffs First Amended Complaint (Docket Entry No. 10 in Civil Action No. H-24-1200), which named the two original defendants (Heros US and August River) together with three additional defendants (Heros Ltd., Simply Mommy, and Peak 21). Plaintiffs' First Amended Complaint alleged that Plaintiffs are citizens of the State of Texas, but failed to allege the citizenship of any defendant.[14] Plaintiffs' First Amended Complaint asserted federal question jurisdiction under 28 U.S.C. § 1331.[15]

The court informed Plaintiffs of the need to allege facts showing subject matter jurisdiction a third time on May 23, 2024, by entering the Order of Dismissal.[16]  The Order of Dismissal analyzed Plaintiffs' First Amended Complaint for both federal question and diversity jurisdiction. After summarizing Plaintiffs' factual and legal allegations, the court concluded that

> [n]either the facts nor causes of action alleged in Plaintiffs' First Amended Complaint show that Plaintiffs seek to vindicate rights protected by federal law. . . The allegations in Plaintiffs' First Amended Complaint are therefore not sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.[17]

After summarizing Plaintiffs' factual allegations regarding the parties, the court concluded that

---

[14]Docket Entry No. 10 in Civil Action H-24-1200, pp. 1-2 ¶¶ 2-7.

[15]Id. at 2 ¶ 8.

[16]Docket Entry No. 11 in Civil Action H-24-1200.

[17]Id. at 4.

despite the court's explanation of the requirements for alleging the citizenship of limited liability entities in the April 8, 2024, Order for Conference and Disclosure of Interested Parties (Docket Entry No. 2), and the court's explanation of the requirements for alleging the citizenship of both limited liability entities and corporations in the May 9, 2024, Order to Amend (Docket Entry No. 8), Plaintiffs' First Amended Complaint fails to allege the citizenship of any defendant.

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. . . . Plaintiffs' First Amended Complaint does not allege the citizenship of the defendants and, therefore, does not allege facts showing that all persons on one side of the controversy are citizens of different states than all persons on the other side. Plaintiffs' First Amended Complaint is therefore not sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.[18]

Despite having been informed three separate times of the need to allege facts establishing subject matter jurisdiction, and the need to allege the citizenship of all parties in order to invoke the court's diversity jurisdiction, Plaintiffs have filed a proposed Second Amended Complaint that asserts diversity jurisdiction but fails to allege the citizenship on any defendant. Because the jurisdictional allegations in Plaintiffs' proposed Second Amended Complaint suffer from the same defects as did the jurisdictional allegations in their First Amended Complaint, Plaintiffs' Motion for Leave to File Second Amended Complaint will be denied.

---

[18] Id. at 5-6.

## II. **Civil Action No. H-24-2056 Will Be Dismissed Without Prejudice for Failure to Allege Facts Showing Subject Matter Jurisdiction.**

On May 31, 2024, just over one week after the court dismissed Civil Action No. H-24-1200 for failure to allege facts showing subject matter jurisdiction, Plaintiffs filed their second civil action, Civil Action No. H-24-2056.[19] The Original Complaint that Plaintiffs filed in Civil Action No. H-24-2056 is virtually identical to the proposed Second Amended Complaint that Plaintiffs filed in Civil Action No. H-24-1200.

Plaintiffs' Original Complaint asserts that "[t]he court has jurisdiction over this case . . . under 28 U.S.C. § 1332(a)(1)."[20] The jurisdictional allegations in Plaintiff's Original Complaint are not sufficient to establish complete diversity. Although Plaintiffs allege that they are "individuals who are residents and citizens of the state of Texas,"[21] Plaintiffs' Original Complaint fails to allege the citizenship of any defendant.[22] In the Parties section of Plaintiffs' Original Complaint, Plaintiffs state that four of the five defendants, i.e., Heroes US, August River, Heros

---

[19] See Order of Dismissal Without Prejudice for Failure to Allege Facts Showing Subject Matter Jurisdiction, and Final Judgment, Docket Entry Nos. 11 and 12 in Civil Action H-24-1200, on May 23, 2024.

[20] Plaintiff's Original Complaint, Docket Entry No. 1 in Civil Action No. H-24-2056, p. 2, ¶ 8.

[21] Id. at 1 ¶ 1.

[22] Id. at 1-2 ¶¶ 2-7.

10

Ltd., and Simply Mommy, are limited liability entities,[23] but fail either to identify the members of these limited liability entities or to allege their members' citizenship. Plaintiffs state that Peak 21 is a Delaware corporation, but fail to allege Peak 21's principal place of business. The Original Complaint filed in Civil Action No. H-24-2056 therefore fails to allege the citizenship of any defendant.[24]

On June 3, 2024, the court entered an Order for Conference and Disclosure of Interested Parties, which included the following

> NOTICE TO PLAINTIFFS . . . IN CASES BASED ON DIVERSITY JURISDICTION:
>
> Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction has the burden to demonstrate that there is complete diversity. The citizenship of limited liability entities is determined by the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). When members of limited liability entities are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). If the Complaint . . filed in this action does not show the citizenship of limited liability entities, the filing plaintiff . . . is ORDERED to file an Amended Complaint . . . within twenty days from the entry of this order. The failure of a plaintiff to file an Amended Complaint . . . alleging

---

[23]Id. ¶¶ 2 and 4 (Heros US), ¶ 3 (August River), ¶ 5 (Heros Ltd.), and ¶ 6 (Simply Mommy).

[24]Id. ¶¶ 1-7.

11

> facts establishing complete diversity of citizenship in an action filed . . . under 28 U.S.C. § 1332 may result in dismissal . . . of this action by the court on its own initiative without further notice.[25]

More than twenty days have passed since the court entered the June 3, 2024, Order for Conference and Disclosure of Interested Parties, which (1) explained to Plaintiffs that complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side and that the party asserting federal jurisdiction has the burden to demonstrate complete diversity; (2) ordered Plaintiffs to file an Amended Complaint within twenty days if the complaint filed does not allege facts establishing complete diversity; and (3) warned Plaintiffs that the failure to file an Amended Complaint alleging facts establishing complete diversity in an action filed under 28 U.S.C. § 1332 may result in dismissal of their action by the court on its own initiative without further notice. Despite the deficient jurisdictional allegations in Plaintiffs' Original Complaint, and the explanations and warnings provided to Plaintiffs in the June 3, 2024, Order for Conference and Disclosure of Interested Parties, Plaintiffs have failed to file an amended complaint alleging facts showing subject matter jurisdiction. The Fifth Circuit has made clear that "[t]he party asserting diversity jurisdiction [under 28 U.S.C. § 1332(a)(1)] 'must "distinctly and

---

[25]Docket Entry No. 2, p. 1 ¶ 3.

12

affirmatively allege[]" the citizenship of the parties.'" Smith v. Toyota Motor Corp., 978 F.3d 280, 282 (5th Cir. 2020) (quoting Howery v. Allstate Insurance Co., 243 F.3d 912, 919 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001) (quoting Stafford v. Mobil Oil Corp., 945 F.2d 803, 804 (5th Cir. 1991))). But as in both the Original Complaint, the First Amended Complaint, and the proposed Second Amended Complaint filed in the Plaintiff's previous action, i.e, H-24-1200, the Original Complaint filed in Civil Action H-24-2056 fails to allege the citizenship of any defendant.[26] Therefore, Civil Action No. H-24-2056 will be dismissed without prejudice for failure to allege facts showing subject matter jurisdiction.

### III. **Plaintiffs' Counsel Shall Not File Any Additional Papers in Civil Action H-24-1200 or Civil Action H-24-2056.**

The court has a number of cases with pending motions on its docket and declines to expend any more scarce judicial resources on Civil Action Nos. H-24-1200 or H-24-2056 when Plaintiffs' counsel is either unable or unwilling to read and understand the court's previous orders. The court therefore will not entertain any additional motions in either Civil Action H-24-1200 or H-24-2056. If Plaintiffs' counsel is dissatisfied with the court's rulings, their remedy is to file a notice of appeal.

---

[26]Plaintiffs' Original Complaint, Docket Entry No. 1 in Civil Action No. H-24-2056, pp. 1-2 ¶¶ 1-7.

## IV. Conclusions and Order

For the reasons stated above in § I, the court concludes that the Second Amended Complaint that Plaintiffs seek leave to file in Civil Action No. H-24-1200 fails to allege facts showing subject matter jurisdiction because it invokes the court's diversity jurisdiction but fails to allege the citizenship of any defendant. Therefore, Plaintiffs' Motion for Leave to File Second Amended Complaint, Docket Entry No. 13 filed in Civil Action No. H-24-1200 is **DENIED**.

For the reasons stated above in § II, the court concludes that Civil Action No. H-24-2056 is subject to dismissal for failure to allege facts showing subject matter jurisdiction because Plaintiffs' Original Complaint asserts diversity jurisdiction but fails to allege the citizenship of any defendant, because despite being warned by the June 3, 2024, Order for Conference and Disclosure of Interested Parties that if the complaint filed failed to allege facts showing subject matter jurisdiction and Plaintiffs failed to file an amended complaint within twenty days alleging such facts their action would be dismissed without further notice, and because more than twenty days have passed since June 3, 2024, and Plaintiffs have not filed an amended complaint alleging facts showing subject matter jurisdiction, Civil Action No. H-24-2056 is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts showing subject matter jurisdiction.

For the reasons stated above in § III, Plaintiffs' counsel, The Weycer Law Firm, P.C. is **ORDERED** not to file any additional papers in Civil Action No. H-24-1200 or Civil Action No. H-24-2056.

**SIGNED** at Houston, Texas, on this 9th day of July, 2024.

--------------------------------------
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE